
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS IRVIN MIDDLETON, | No. 13-55345 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-08231-SVW-AGR |
| v. | |
| RICK VON GELDREN, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| RAUL VASQUEZ; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Middleton's requests for oral argument, set forth in his briefs, are denied.

Travis Irvin Middleton appeals pro se from the district court's judgment dismissing his action alleging Racketeer Influenced and Corrupt Organizations Act ("RICO") claims and RICO conspiracy claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Middleton's RICO and RICO conspiracy claims because Middleton failed to allege facts sufficient to show two or more predicate criminal acts constituting a pattern of racketeering activity. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (setting forth elements of a RICO claim under 18 U.S.C. § 1962(c), and explaining that, to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO); *see also Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (conclusory allegations, unwarranted deductions, or unreasonable inferences need not be accepted as true).

The district court properly dismissed Middleton's claims against defendant Hill because he is entitled to judicial immunity. *See Ashelman v. Pope*, 793 F.2d

1072, 1075 (9th Cir.1986) (en banc) (judges are entitled to absolute judicial immunity from a damages action arising out of judicial acts).

The district court properly dismissed the claims against defendants Dudley and Franklin because they are entitled to prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997) (a prosecutor acting in the scope of her duties in initiating and pursuing a criminal prosecution is entitled to immunity).

The district court did not abuse its discretion by denying Middleton leave to amend after providing him with two opportunities to amend and concluding that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Middleton's contentions that the district court violated his constitutional rights by dismissing his claims on the basis of the pleadings.

13-55345

Middleton's requests for judicial notice, set forth in his opening brief, are denied.

**AFFIRMED.**